**UNITED STATES of America**

v.

**Elvis RIVERA, Appellant.**

No. 09–2354.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 4, 2009.

Filed: Dec. 17, 2009.

Everard E. Potter, I, Esq., Office of United States Attorney, for United States of America.

Patricia Schrader–Cooke, Esq., Office Of Federal Public Defender, Christiansted, VI, for Appellant.

BEFORE: McKEE, FUENTES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

The Government filed a one-count criminal information against Appellant, Elvis Rivera, charging him with possession with intent to distribute more than five grams of crack cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). After his initial trial ended in mistrial, Rivera was tried a second time and found guilty. The District Court sentenced him to ten years' imprisonment. Rivera appeals, challenging the sufficiency of the evidence. We apply a deferential standard of review when deciding whether a jury's verdict rests on sufficient evidence. We will affirm here because, after reviewing the evidence in a light most favorable to the Government, we conclude that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See United States v. Diallo,* 575 F.3d 252, 256 (3d Cir.2009).

Rivera was arrested after selling crack cocaine to an undercover United States Drug Enforcement Administration (DEA) agent in St. Croix. As he did before the District Court, Rivera maintains on appeal that the crack cocaine that he sold to the undercover agent was different from the cocaine admitted at trial as a Government exhibit. Interestingly, he does not contest the fact that he sold crack cocaine to the undercover agent, only that the evidence produced at trial was not the same cocaine he sold to the DEA officer. He argues that after the agent turned the crack cocaine over to the drug custodian, it was somehow mingled with other drugs the agent had purchased.

At Rivera's trial, the undercover agent testified that, after buying crack cocaine from Rivera, he properly secured the drugs and turned them over to the DEA officer in charge of drug custody. The Government also presented testimony that the appropriate procedures and processes were followed in securing this evidence. Further, a DEA chemist testified that the drugs were properly analyzed. The DEA chemist also identified these drugs in court and indicated that they were appropriately sealed and in an untampered condition. Viewing the evidence in a light most favorable to the Government, we will affirm Rivera's conviction. Neither testimony nor physical evidence suggested any deficiencies in the chain of custody or handling of the drug evidence; rather, there was testimony regarding the appropriate handling of the physical evidence. Accordingly, a rational trier of fact could have found the evidence sufficient to convict Rivera.

We find ample reason why the jury could conclude that the drugs introduced into evidence were indeed the same ones that Rivera sold to the undercover agent. We will affirm Rivera's conviction.